* Motion for rehearing denied, with $25 costs, on April 5, 1950.
Action was commenced January 18, 1949, for the foreclosure of a mechanic's lien. Judgment granting foreclosure was entered June 20, 1949. Defendant appeals. Facts are stated in the opinion.
Plaintiff and respondent is a building contractor of Merrill, Wisconsin. Defendant-appellant, Mrs. Forbes, referred to at the trial as Mrs. Fowler, operates a number of moving-picture theaters. Among them is one *Page 367 
which she had on lease at Antigo. She has assigned the lease to defendant, Fowler Enterprises, Inc., but for the purposes of this action the interests of the two defendants are identical and only Mrs. Fowler will be referred to.
Mrs. Fowler engaged Schield to make alterations in the second floor of the theater at Antigo. The building contract was oral and the parties now disagree concerning what Schield was hired to build. There were no specifications and no plans except a floor plan. The construction was not fireproof and hence is illegal under the building code if the purpose was to provide a private apartment, but is legal if it was to provide a lounge or office or other space devoted to the functions of the theater. The floor plan is in evidence as Exhibit A. On it all the room names are appropriate to an apartment, such as "living room," "bath," and "for folding bed."
Schield began work late in March, 1948. About April 19, 1948, when the job was about three fourths done, an inspector of the industrial commission ordered it stopped because no plans had been filed with or approved by the commission as required by law. About May 18th, when still no plans were forthcoming, the commission ordered all construction for an apartment torn out and the theater restored to its original condition, or reconstruction of the second floor and balcony in an approved fireproof manner. A time limit of June 1, 1948, was set for compliance and a threat was made to close the theater. Mrs. Fowler then called an engineer, Carl Mohs, at Madison, and said that the state was going to close the theater and she wanted plans to be submitted and approved. With her knowledge and approval he prepared and filed a plan, Exhibit 4, which has the same space arrangement as Exhibit A, the only difference being that the space designations describe a lounge and ladies' room instead of living quarters. The commission approved this plan and accepted the work which Schield had previously *Page 368 
done. Mrs. Fowler, however, has refused to accept the work or to pay for it or for completing it and she contested Schield's lien claims on the ground that he had not performed his agreement to build her a private apartment and that such agreement without fireproofing was illegal and void.
The trial court found that the agreement was for Schield to construct a combination office and lounge which he did not complete through no fault of his own. Appellant submits that the finding that the contract called for a lounge is contrary to the great weight of the competent evidence. We have studied the record and think it clear that the testimony of Schield and of Mohs, who as far as the record discloses has no selfish interest in the litigation, gives sufficient support to the finding if such testimony is competent. Mohs was present when Mrs. Fowler and Schield first discussed the project and he testified that he himself informed her then that a private apartment could not be authorized and she determined that lounge and office space would meet her requirements. It is also sufficiently established that Mohs was the agent of Mrs. Fowler in preparing and filing Exhibit 4. She had employed and paid him directly on another job. On or about May 18th she called him at Madison, gave him direct orders, and his correspondence about what was to be done was only with her. The competency of the testimony of Schield and Mohs which supports the disputed finding is attacked by counsel as a violation of the parol-evidence rule. Passing over the fact that it was admitted without objection and no motion was made to strike it later, the argument is that while the contract in the main was oral the writing of room designations on Exhibit A makes the exhibit a written instrument, integrated in the oral contract, and parol testimony is inadmissible to alter or explain the plain meaning of the words which indicate a plan for an apartment. We do not find it necessary to go into this argument, although we doubt its validity under the circumstances here, *Page 369 
for it completely overlooks Exhibit 4. Exhibit 4 is as much a written instrument as Exhibit A is. It was filed formally on behalf of Mrs. Fowler to assure the commission that her agreement with Schield was for the construction of a lounge. As a writing it is not excluded by the rule against parol evidence. Even under her theory of evidence Mrs. Fowler thus has two written versions of the same part of her oral contract. They contradict each other and justify the resort to parol testimony.
Appellant urges that the sole purpose of Exhibit 4 was to stop the loss consequent to the commission's order to tear out the work and should be read in that light. This seems to say that while the commission was to take it as a serious representation by Mrs. Fowler of her agreement with Schield, neither the learned trial court nor we may do so. If we correctly construe the argument it has little appeal, and in any event the effort to have the space designations in Exhibit 4 ignored is a violent reversal of the position taken when the names on Exhibit A were involved. Plaintiff did have an explanation of sorts for the presence of the names on Exhibit A. Its veracity and validity were for the trial court just as Mrs. Fowler's explanation of Exhibit 4 is, and the same is true of the weight to be given to such oral testimony. We conclude that the finding that the contract was for a lounge is not contrary to the great weight and clear preponderance of the evidence. This finding being sustained, appellant's contention that Schield did not do what he was employed to do and that the contract was for an illegal purpose must fail.
By the Court. — Judgment affirmed. *Page 370